

FILED

SEP 13 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FRANCISCO RODARTE,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-119-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE |

This case comes before the Court on Francisco Rodarte's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Rodarte is a state prisoner proceeding pro se.

I. **Motion to Proceed in Forma Pauperis**

Rodarte has moved this Court to proceed in forma pauperis. (Doc. 2.) After reviewing the motion and supporting account statement, Rodarte has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

II. **28 U.S.C. § 2254 Petition**

As set forth below, based upon a review of Rodarte's petition it appears the

1

petition should be dismissed as an unauthorized second or successive petition.

### A. Procedural History

Following a 2001 jury trial in Montana's Eighth Judicial District, Cascade County, Rodarte was convicted of four counts of felony Incest. (Doc. 1 at 2-3.) Rodarte was sentenced to twenty (20) years on each count, with the sentences to run consecutively, for a net sentence of 80 years in prison. *Id.* at 3.

Rodarte filed a direct appeal challenging the admission into evidence at trial of statements Rodarte made to his brother-in-law and a letter he wrote to his wife. He also challenged the prosecution's closing argument. The Montana Supreme Court affirmed Rodarte's convictions. *See, State v. Rodarte*, 313 Mont. 131, 60 P. 3d 983, 2002 MT 317.

Rodarte indicates that he filed a petition for postconviction relief on November 21, 2001. (Doc. 1 at 3, ¶ 9.) Rodarte states that he did not appeal the denial of his postconviction petition because, the document "did not get mailed out- the prison mail held it" and also that he did not effectuate the appeal because he was "waiting for the response from [his] trial attorney and the Eighth Judicial District Court on [his] postconviction and then [he] was sent to CCA Prison in Shelby, Montana." *Id.* at 4, ¶¶ 10-11. But, as this Court has previously found, "[a]lthough Mr. Rodarte states that he filed a petition for postconviction relief…no such petition exists in the records of the Eighth Judicial District Court." *See,*

2

*Rodarte v. Kirkegard*, CV-14-09-DLC, Find. and Rec. at 2 (filed Aug. 15, 2014).

Mr. Rodarte filed his first federal habeas petition in this Court on February 17, 2014. *Rodarte v. Kirkegard*, CV-14-09-DLC, Find. Pet. (filed Feb. 17, 2014). There Rodarte contended his conviction was unconstitutionally obtained and that the manner of execution of his four consecutive sentences was unlawful. The petition was ultimately dismissed with prejudice as untimely. *Rodarte v. Kirkegard*, CV-14-09-DLC, Or. (D. Mont. Jan. 6, 2015).

In the instant petition, Mr. Rodarte again seeks to challenge the 2001 convictions. Generally he alleges he was denied his trial transcripts and access to the state courts, specifically that he was: denied the ability to file a postconviction petition, denied access to counsel to help with his appeals, and denied access to the law library. (Doc. 1 at 4, ¶ 13 (A)(i)); *see also* (Doc. 1 at 7). Although Mr. Rodarte does not state what newly discovered evidence he has, he also alleges, even presented with the newly discovered evidence, the state district court would still not respond to his appeals and postconviction petition, nor would the Office of the State Public Defender offer assistance or accept Rodarte's phone calls. *Id.* at 5, ¶ 13 (B)(i); 7. Rodarte again argues that his four consecutive sentences are being impermissibly merged together. *Id.* at 6, ¶ 14.

Rodarte asks this Court to dismiss all charges against him, order his release from prison, restore all his rights, reimburse him for all court and/or attorney fees,

and compensate him for the time he has served for the purportedly wrongful convictions. *Id.* at 8, ¶ 16.

## B. Analysis

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). 28 U.S.C. § 2244(b)(2) sets forth narrow exceptions to the second or successive bar. The exceptions are limited to new rules of constitutional law, § 2244(b)(2)(A), or newly discovered facts that establish actual innocence, § 2244(b)(2)(B). Neither of these exceptions appears to be present here. Although Rodarte makes passing reference to newly discovered evidence, he does not explain what this evidence is or when it was discovered. But even assuming Rodarte were able to present the existence of newly discovered evidence that would establish his actual innocence, such a claim may not be asserted for the first time in the federal district court.

Rodarte is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Rodarte obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has

no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### C. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

### ORDER

Mr. Rodarte's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Rodarte's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Rodarte may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Rodarte must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of September, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Rodarte is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.