# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

FRANCISCO RODARTE

        Petitioner,

v.

JAMES SALMONSON, ATTORNEY
GENERAL OF THE STATE OF
MONTANA,

        Respondents.

CV-18-119-GF-BMM

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

United States Magistrate Judge John Johnston entered Findings and Recommendations in this case on September 13, 2018. (Doc. 3.) Judge Johnston granted Plaintiff Robert Francisco Rodarte's application to proceed in forma pauperis. (Doc. 3 at 1.) Rodarte filed a Motion to Appoint Counsel on November 13, 2018. (Doc. 6.)

## I.    Findings and Recommendations

Judge Johnston recommended that Rodarte's Petition (Doc. 1) be dismissed for lack of jurisdiction. (Doc. 3 at 6.) Rodarte timely filed his objection to Judge Johnston's Findings and Recommendations on November 13, 2018. (Doc. 6.)

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and

1

presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Johnston determined that Rodarte had failed to file a motion for leave to file a second or successive petition before the Ninth Circuit as required by 28 U.S.C. § 2244(b)(3)(4). (Doc. 3 at 4.) Judge Johnston reasoned that the Court remains divested of jurisdiction to hear Rodarte's petition absent leave from the Ninth Circuit. (Doc. 3 at 4.) Rodarte's objection merely rehashes the grievances aired in his petition. The Court will review Judge Johnston's Findings and Recommendations for clear error. *See Rosling v. Kirkegard*, 2014 WL 693315 *3. The Court finds no error and adopts Judge Johnston's Findings and Recommendations in full.

## II.    Motion to Appoint Counsel

Rodarte requests this Court appoint him counsel to represent him throughout his habeas proceedings. (Doc. 6 at 2.) Rodarte contends that this Court should appoint him counsel for the following reasons: (1) he is a pro se litigation; (2) he is indigent; (3) the issues involved in his case are complex; and (4) he has limited knowledge of the law. (Doc. 6 at 2.)

The Sixth Amendment does not afford habeas petitioners the right to the assistance of appointed counsel. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (citations omitted). The Court remains authorized, however, to appoint counsel to represent an indigent habeas petitioner whenever "the court determines that the interests of justice so require . . ." 18 U.S.C. § 3006A(g).

Judge Johnston determined, and the Court agrees, that Rodarte's petition must be dismissed due to lack of jurisdiction. Rodarte's Motion to Appoint Counsel likewise is denied.

Accordingly, **IT IS ORDERED** that:

1.  Judge Johnston's Findings and Recommendations (Doc. 3) is
    **ADOPTED IN FULL**.

2.  Rodarte's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction.

3.  Rodarte's Motion to Appoint Counsel (Doc. 6) is **DENIED**.

4.  The Clerk of Court is directed to enter, by a separate document, a

    judgment of dismissal.

5.  A certificate of appealability is **DENIED**.

DATED this 8th day of January, 2019.

_____
Brian Morris
United States District Court Judge